## Tamarin *v.* Pennsylvania Railroad Company, Appellant.

*Carriers—Common carriers—Railroads—Negligence—Bailee for
hire.*

Where a railroad company accepts from a traveling salesman
two trunks containing samples, and charges and receives a small
amount for over weight, but makes no inquiry as to the contents,
and no misrepresentations are made as to the contents, and there-
after the trunks and their contents are injured at a junction, by
reason of the negligence of the railroad company, while being
transferred from one train to another, the company is liable as a
bailee for hire of the goods.

Argued January 7, 1914. Appeal, No. 116, Jan. T.,
1913, by defendant, from judgment of Superior Court,
Oct. T., 1912, No. 195, affirming order of C. P. No. 2,
Philadelphia Co., Sept. T., 1910, No. 4058, refusing judg-
ment for defendant non obstante veredicto in case of
Morris Tamarin v. Pennsylvania Railroad Company.
Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEW-
ART and MOSCHZISKER, JJ. Affirmed.

Appeal from Superior Court.
The case is reported in 53 Pa. Superior Ct. 83.

The opinion of the Superior Court, by HEAD, J., is as follows:

A clear statement of the material facts established in this case will aid in making plain the precise question with which we have to deal. The plaintiff, a traveling salesman, bought from the defendant company a ticket entitling him to transportation from Wellsville, Ohio, over the line and branch line of the defendant, to New Castle, Pa. At the same time he tendered to the baggage agent of the defendant, for transportation between the same points, two trunks and a telescope. The agent made no request for any information as to the nature or value of the contents of the trunks; the plaintiff volunteered none. The agent, after demanding and receiving a small sum of money on account of the weight of the trunks, accepted them and issued to the plaintiff the company's baggage checks for them. The plaintiff and his trunks arrived safely at New Castle Junction, at which point it became necessary to take another train on a branch line of the defendant to complete his journey. The trunks were safely unloaded at that point by the defendant's servants and placed on one of its ordinary trucks to be removed to another platform from which they could be loaded on the branch line train. The truck, loaded with the trunks of the plaintiff and other passengers, was wheeled across the intervening space to the proper platform and there deposited by the defendant's servant so close to the edge of the platform next to the track, that a freight train of the company, passing almost immediately thereafter, struck it, scattered its contents and caused the injury to the plaintiff's property of which he complains in this action. It later appeared that the property injured and here sued for consisted of samples of the goods which the plaintiff was engaged in selling and not of his own wearing apparel or what may be strictly called personal baggage. All of the facts above stated are affirmatively proven by the

testimony of the plaintiff. No one of them is contro-
verted or denied. They must, therefore, be taken in the
light of the verdict, as admitted or established. Do they
exhibit a cause of action against the defendant? The
latter offered no testimony but contented itself with a
motion for binding instructions. This being refused, as
well as a later motion for judgment non obstante vere-
dicto, the defendant appeals.

As we view the case, we need not concern ourselves
with several propositions urged upon us in the able brief
of the appellant. We need not stop to inquire whether
or not the defendant, as a common carrier, would have
been obliged to receive and transport the plaintiff's
property by reason of the fact merely that he had pur-
chased a ticket for himself and was about to become a
passenger. It raised no such question and actually did
receive the property and undertook to transport it. Nor
need we trouble ourselves with the difficulties which the
plaintiff would have encountered had his trunks simply
been lost without any affirmative proof that such loss
was caused by the negligent act of the defendant. In
such case he would have been compelled to rely upon
certain legal presumptions which attach only to a com-
mon carrier and arise from its obligation as an insurer.
We have here affirmative and uncontradicted evidence
that the loss complained of was the direct result of the
negligent act of the defendant's servants. Nor is it of
vital importance that the sum of money which the de-
fendant demanded and received from the plaintiff, in
addition to the price of his own ticket, was small and
fixed with reference to the weight of the trunks rather
than to the value of their contents. If, indeed, the
trunks and their contents were of such character that
the defendant was not legally obliged to transport them,
it could have declined to accept them. Or, if it chose to
accept them, it could fix its own resonable terms upon
which it would carry them. Nor are we confronted with
the situation that might have arisen had the plaintiff, by

any fraud or misrepresentation induced the defendant to accept the trunks when otherwise it would have declined to do so. The evidence is wholly barren of any foundation to support any such consideration.

What, then, is the plain question we are called upon to answer? The defendant received the property of the plaintiff and undertook to transport it to New Castle. It received compensation for such undertaking, the measure of the compensation being fixed by itself. The property was safely carried until the junction point referred to was reached. There it was injured or destroyed by the negligent act of the defendant. Under these facts, that the defendant become a bailee for hire seems to us to be undeniable. In such case its liability would certainly be at least that of an individual bailee or private carrier. It is no new proposition of law to assert that such bailee is answerable for a loss to the bailed property caused by his own negligence. This seems to us to be the controlling question in the case.

But it is strenuously urged upon us that our own case of Merritt v. Lehigh Valley Railroad Co., 49 Pa. Superior Ct. 219, conclusively establishes that under the present state of facts the defendant is absolutely relieved of liability, even for loss resulting from its own proven negligence, because the contents of the trunks were in legal phrase "merchandise" and not baggage. To this we cannot assent. An examination of the record in the case referred to will clearly show that the controlling question, not only in the court below but in this court, was whether the railroad company, at the time of the loss of the trunks, was liable as a common carrier or only as a warehouseman. There the contract of carriage, if there were one, had been completed. The trunks had safely reached their destination. The owner, for his own convenience, had stopped en route and was not at the point of destination to receive his trunks when they arrived. The company was consequently compelled to store them in its warehouse to await his demand for

them. While so stored the warehouse, with its contents including the trunks mentioned, was destroyed by fire. There was no evidence whatever that the fire was caused by any negligent act of the railroad company. Manifestly, then, the plaintiff had to rely on the proposition that the company remained an insurer of his property and had not become a warehouseman. His contention in this respect was not supported by the evidence and the learned trial judge felt compelled to declare at the time the property was destroyed the company was but a warehouseman, and, as no act of negligence on its part had been established, the plaintiff was without remedy.

When the case came into this court on appeal, the able counsel for the appellee himself thus stated in his paper book the single question involved, to wit, "At the time of the destruction of the appellant's property, was the liability of the appellee that of an insurer or that of a warehouseman? The answer of this court was that the learned trial judge was correct in holding, under the evidence, that the company was but a warehouseman, and the judgment was affirmed. In the opinion filed by our Brother MORRISON that phase of the case was first taken up and considered, and it was clearly pointed out that the opinion of the learned trial judge, which dealt solely with the question we have stated, exhibited sufficient reasons and authorities to sustain the judgment he had entered. Judge MORRISON then proceeds to discuss briefly some considerations which, under the facts of that case, would further strengthen the conclusion reached by the court below and this court. He introduces his remarks on this subject with these significant words: "But in addition to what is said in that opinion we suggest that there was no obligation on the part of the appellee to carry merchandise as baggage." After the statement of some legal propositions which are undeniably correct when properly applied, he concludes his remarks on that subject with the repetition of the same thought with which he began it, to wit: "But,

even if the appellee had received the trunks as merchandise to be carried as such between the points of shipment and destination, the appellee's responsibility as a carrier ended when the trunks arrived at Laceyville and were deposited in the baggage room."

It cannot, therefore, be successfully urged that the case cited is in its material aspects in the same category with the present one. The all-important question of fact which distinguishes this case from the Merritt case and others cited is that here we have affirmative proof that the bailed property, whilst in the hands of the bailee, was injured or destroyed by its own negligent act. We have been pointed to no case and our own research has failed to develop one where, under such circumstances, a railroad company has been relieved from liability for its own negligence because the property destroyed was merchandise rather than baggage, when its undertaking to carry was not induced by any fraud or misrepresentation of the owner.

In Camden & Amboy Railroad Co. v. Baldauf, 16 Pa. 67, a plaintiff was permitted to recover the value of the contents of his trunk which included a quantity of silver coin, although he was not able to prove affirmatively that the loss occurred by the negligent act of the defendant. It is true, some propositions were advanced in that case as to the nature of a notice which the company was obliged to give to a traveler in attempting to restrict its own liability, and in this respect perhaps the case has been somewhat criticized in the later decisions. But in no case has it been asserted that a railroad company may not undertake to carry as baggage what might be strictly termed merchandise, and if it does so undertake, that it will be excused from liability for loss where such loss is shown to have resulted from its own negligence. In one of the later cases, Brown v. Camden & Atlantic Railroad Co., 83 Pa. 316, Mr. Justice SHARSWOOD quotes the earlier case among others as authority for the proposition that "the party who sends goods by

a common carrier is not bound to declare their value unless required to do so." In Farnham v. Camden & Amboy Railroad Co., 55 Pa. 53, Mr. Justice THOMPSON says: "By the common law the carrier is an insurer of the goods intrusted to him, excepting so far as they are damaged by the act of God or public enemies. By a contract limiting liability he is an insurer by agreement, and according to its terms. If there be a loss, the agreement furnishes the extent of liability and is confined to that, unless he can show that the loss occurred from the wilfulness or negligence of the carrier. His liability is as a private carrier or bailee, a consequence of the limitation."

Whilst the exact question now before us did not arise either in Jacobs v. Railroad Co., 19 Pa. Superior Ct. 13, or Bullard v. Railroad Co., 21 Pa. Superior Ct. 583, the principle here stated is recognized in those cases, as clearly indicated by the following extract from the opinion of our Brother ORLADY in the case last cited: "The rule is well settled that the liability of a carrier for a passenger's baggage, which has been intrusted to its care, is that of an insurer, the price paid for the ticket, or for transportation embracing compensation for the carriage of the baggage, and is limited to such articles as are necessary for the comfort of the passenger, and for all in addition to this class the carrier is not an insurer, but a bailee, and cannot be compelled to carry them unless an additional compensation is paid."

We are therefore of opinion that the learned court below could not have granted the motion for judgment for the defendant non obstante veredicto, and as the refusal of this motion constitutes the sole assignment of error, the assignment must be overruled.

Judgment affirmed.

*Error assigned* was in overruling motion for judgment non obstante veredicto.

*John Hampton Barnes,* with him *Joseph D. McCoy,* for appellant.

*Albert S. Longbottom,* with him *Robert J. Byron,* for appellee.

PER CURIAM, February 9, 1914:

At the trial it clearly appeared that the plaintiff's property was injured or destroyed by the negligent acts of the defendant's employees. Their negligence made it liable as a bailee for hire. Upon this ground the judgment entered in the Common Pleas was affirmed by the Superior Court and upon it we affirm the judgment appealed from.

Judgment affirmed.